IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------X
                  :
JOSE OLIVERAS ET AL.         :         3:12 CV 858 (JGM)
                  :
V.                  :
                  :
JASON CASTILDI ET AL.       :         DATE: JULY 1, 2014
----------------------------------------------------X

<u>RULING ON DEFENDANTS' MOTION TO COMPEL</u>

On June 11, 2012, plaintiffs commenced this diversity action against defendants, arising from a multi-vehicle collision on I-95 North in Darien, Connecticut, on June 19, 2010 (Dkt. #1); an Amended Complaint was filed on February 28, 2013. (Dkt. #19). On January 28, 2014, the parties consented to trial before this Magistrate Judge. (Dkt. #25). Under the present scheduling order, all fact discovery is to be completed by August 1, 2014, all expert discovery is to be completed by October 1, 2014, and all dispositive motions are to be filed by November 3, 2014. (Dkt. #28, ¶¶ 1, 3-4).

On May 21, 2014, defendants filed the pending Motion to Compel (Dkt. #31),[1] as to which plaintiffs filed their brief in opposition on June 10, 2014 (Dkt. #32); defendants filed their reply brief two days later. (Dkt. #33).[2]

As set forth in defendants' motion, defendants served discovery requests upon plaintiff Jose Oliveras ["plaintiff"] on November 7, 2012, which were not answered until June 24, 2013; in his sworn answers, plaintiff averred that he had no other physical injuries subsequent to this motor vehicle accident. (Dkt. #31, at 1-2; <u>see also</u> Dkt. #33, at 1-2 &

---

[1]An affidavit from defense counsel, sworn to that day, is attached.

[2]The following four exhibits were attached: copy of plaintiff Jose Oliveras' Responses to Interrogatory Requests, sworn to June, 2013 (Exh. A); and copies of correspondence between counsel, dated December 4, 2013 with fax cover sheet (Exh. B), March 20, 2014 with fax cover sheet (Exh. C), and April 16, 2014 letter with fax cover sheet (Exh. D).

Exh. A).  Defendants further contend that the June 2013 responses were inadequate, in that they only provided HIPAA authorizations and not copies of plaintiff's medical records; when defense counsel received medical records from "Doctors United" on December 4, 2013, pursuant to plaintiff's HIPAA release, he learned "[f]or the first time" that plaintiff had fallen down stairs at his employment on December 13, 2011, resulting in neck and back injuries (as at issue in this lawsuit), for which he has been found to be temporarily totally disabled. (Dkt. #31, at 2).   According to defense counsel, the first medical records to mention this December 2011 fall were dated June 17, 2013, some eighteen months later, leading defense counsel to surmise that "[t]here must be other records from the period of time between the fall and June 17, 2013[.]" (Id. at 2-3).  As defense counsel further points out, the December 2011 fall was mentioned in defendants' Status Report, filed January 2, 2014 (Dkt. #22, at 1-3), during the telephonic status conference with this Magistrate Judge on February 10, 2014 (Dkt. #27), and in letters sent by facsimile machine in March and April 2014.  (Dkt. #22, at 3; see also Dkt. #33, at 2 & Exhs. B-D).

In light of this "excessive" delay and plaintiff's "illusory[]" responses, defendants seek the following remedies: (1) for plaintiffs to produce updated and accurate written responses to the interrogatories within fifteen days, and for plaintiffs' counsel to certify that he has met with his clients, reviewed their answers and ensured that his clients understood the requests, and have his clients notarize that the responses are complete and true; (2) for plaintiffs to provide all medical records not yet received concerning the subject accident within thirty days, and such compliance to be made by providing the records, not through the provision of releases; and (3) for plaintiff Jose Oliveras to provide all medical records from his slip and fall injury sustained subsequent to the subject accident within sixty days, again with such

compliance to be made by providing the records, not through the provision of releases. (Dkt. #31, at 3-4).

In their brief in opposition, plaintiffs argue that defendants' Requests for Production explicitly permitted them to provide a HIPAA release and not copies of the medical records themselves, that plaintiffs provided HIPAA compliant authorization for three known medical providers, and that plaintiffs' counsel is equally "frustrated by delayed and incomplete compliance by medical providers." (Dkt. #32, at 1-3). Plaintiffs indicated that they have "no objection to sending to defense counsel copies of the medical records in [their] possession[,]" and further represent that plaintiffs' counsel "was unaware of [the December 2011 fall] until recently informed of this by defense counsel." (Id. at 3). Plaintiffs advised that "[u]pon inquiry," they learned that plaintiff was treated for the December 2011 fall by Dr. John Mitamura and Doctors United, have "yet to receive records from Dr. Mitamura," and will provide a HIPAA compliant authorization to defendants. (Id.).

In their reply brief, defendants represent that plaintiffs' brief was "the first time" that defendants learned about Dr. Mitamura, question the representation of plaintiffs' counsel that he "recently" learned about the December 2011 injury in light of the previous letters sent to him (characterizing this statement as "mislead[ing]" and "beyond comprehension"), and contend that plaintiff Jose Oliveras "seems to have committed perjury when he swore under a notary's seal that he did not have any subsequent injur[i]es." (Dkt. #33, at 1-3 & Exhs. A-D).

Under these circumstances, defendants are more than entitled to the remedies that they seek, namely (1) **on or before July 18, 2014**, plaintiffs shall produce updated and accurate written responses to the interrogatories, and plaintiffs' counsel shall certify that he

has met with his clients, reviewed their answers and ensured that his clients understood the requests, and have his clients notarize that the responses are complete and true; (2) **on or before July 31, 2014**, plaintiffs shall provide all medical records not yet received concerning the subject accident, and such compliance to be made by providing the records, not through the provision of releases; and (3) **on or before August 29, 2014**, plaintiff Jose Oliveras shall provide all medical records from his slip and fall injury sustained subsequent to the subject accident, again with such compliance to be made by providing the records, not through the provision of releases.   If plaintiffs fail to comply with these deadlines, defendants are, of course, free to file a motion for appropriate sanctions.[3]

In light of this ruling, the deadlines are postponed as follows:  all fact discovery is to be completed **on or before September 30, 2014**, all expert discovery is to be completed **on or before November 14, 2014**, and all dispositive motions are to be filed **on or before December 12, 2014**.

Dated at New Haven, Connecticut, this 1st  day of July, 2014.


  /s/ Joan G. Margolis, USMJ
  Joan Glazer Margolis
  United States Magistrate Judge

---

[3]The Court is greatly concerned about the actions, and inactions, of plaintiffs and their counsel in this case to date.