IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
                                       :
JOSE OLIVERAS ET AL.                   :          3:12 CV 858 (JGM)
                                         :
V.                                    :
                                       :
JASON CASTILDI ET AL.          :          DATE: AUGUST 22, 2014
-------------------------------------------------------X

<u>RULING ON DEFENDANTS' MOTION TO DISMISS</u>

      On June 11, 2012, plaintiffs commenced this diversity action against defendants, arising from a multi-vehicle collision on I-95 North in Darien, Connecticut, on June 19, 2010 (Dkt. #1); an Amended Complaint was filed on February 28, 2013. (Dkt. #19). On January 28, 2014, the parties consented to trial before this Magistrate Judge. (Dkt. #25). Under the present scheduling order established in this Magistrate Judge's Ruling on Defendants' Motion to Compel, filed July 1, 2014 (Dkt. #34)["July 2014 Ruling"], all fact discovery is to be completed by September 30, 2014, all expert discovery is to be completed by November 14, 2014, and all dispositive motions are to be filed by December 12, 2014. (At 4).

      On May 21, 2014, defendants filed their Motion to Compel (Dkt. #31), which concerned defendants' discovery requests upon plaintiff Jose Oliveras ["plaintiff"], served on November 7, 2012 but not answered until June 24, 2013 (at 1); in his sworn answers, plaintiff averred that he had no other physical injuries subsequent to this motor vehicle accident. (At 2). In that motion, defendants further contended that the June 2013 responses were inadequate, in that they only provided HIPAA authorizations and not copies of plaintiff's medical records, and when defense counsel received medical records from "Doctors United" on December 4, 2013, pursuant to plaintiff's HIPAA release, he learned "[f]or the first time" that plaintiff had fallen down stairs at his employment on December 13,

2011, resulting in neck and back injuries (at issue in this lawsuit), for which he has been found to be temporarily totally disabled.  (At 2-3).

In light of this "excessive" delay and plaintiff's "illusory[]" responses, defendants sought the following remedies: (1) for plaintiffs to produce updated and accurate written responses to the interrogatories within fifteen days, and for plaintiffs' counsel to certify that he has met with his clients, reviewed their answers and ensured that his clients understood the requests, and have his clients notarize that the responses are complete and true; (2) for plaintiffs to provide all medical records not yet received concerning the subject accident within thirty days, and such compliance to be made by providing the records, not through the provision of releases; and (3) for plaintiff Jose Oliveras to provide all medical records from his slip and fall injury sustained subsequent to the subject accident within sixty days, again with such compliance to be made by providing the records, not through the provision of releases.   (Dkt. #31, at 3-4).[1]

The July 2014 Ruling held that "[u]nder these circumstances, defendants [were] more than entitled to the remedies that they [sought]," namely that (1) on or before July 18, 2014, plaintiffs shall produce updated and accurate written responses to the interrogatories, and plaintiffs' counsel shall certify that he has met with his clients, reviewed their answers

---

[1]In their brief in opposition, plaintiffs' counsel represented that he "was unaware of [the December 2011 fall] until recently informed of this by defense counsel."  (Dkt. #32, at 3).  Plaintiffs advised that "[u]pon inquiry," they learned that plaintiff was treated for the December 2011 fall by Dr. John Mitamura and Doctors United, have "yet to receive records from Dr. Mitamura," and will provide a HIPAA compliant authorization to defendants.  (Id.).

In their reply brief, defendants represented that plaintiffs' brief was "the first time" that defendants learned about Dr. Mitamura, questioned the representation of plaintiffs' counsel that he "recently" learned about the December 2011 injury in light of the previous letters sent to him (characterizing this statement as "mislead[ing]" and "beyond comprehension"), and contended that plaintiff Jose Oliveras "seems to have committed perjury when he swore under a notary's seal that he did not have any subsequent injur[i]es."  (Dkt. #33, at 1-3 & Exhs. A-D)(emphasis omitted).

2

and ensured that his clients understood the requests, and have his clients notarize that the responses are complete and true; (2) on or before July 31, 2014, plaintiffs shall provide all medical records not yet received concerning the subject accident, and such compliance to be made by providing the records, not through the provision of releases; and (3) on or before August 29, 2014, plaintiff Jose Oliveras shall provide all medical records from his slip and fall injury sustained subsequent to the subject accident, again with such compliance to be made by providing the records, not through the provision of releases.  (At 3-4)(emphasis omitted). The July 2014 Ruling continued that "[i]f plaintiffs fail to comply with these deadlines, defendants are, of course, free to file a motion for appropriate sanctions."  (At 4)(footnote omitted).

On July 25, 2014, defendants filed the pending Motion to Dismiss (Dkt. #35), on the grounds that plaintiffs failed to produce the updated and accurate written responses to the interrogatories, and plaintiffs' counsel failed to provide the certification by July 18, 2014, as required by the July 2014 Ruling.  On August 15, 2014, plaintiffs filed their brief in opposition (Dkt. #36),[2] in which they represented that the delay was occasioned by plaintiff Jose Oliveras' visit with family in Puerto Rico from the beginning of July until mid-August, plaintiff's counsel certified that he met with plaintiff Jose Oliveras and reviewed with him the Interrogatories propounded by defendants and responded to them, that to the best of counsel's knowledge plaintiff Jose Oliveras understood the requests and indicated that his responses were complete and true, and they attached 111 pages of medical records from Doctors United and six pages of medical records from Dr. John Mitamura.  (At 1-2 & Exhs.

---

[2]Attached is the affidavit of plaintiff Jose Oliveras, sworn to August 15, 2014, as well as the following three exhbitis: copy of Second Response to Interrogatory Requests, dated August 14, 2014 (Exh. A); copies of medical records from Doctors United (Exh. B); and copies of medical records from Dr. John Mitamura (Exh. C).

A-C).  Three days later, defendants filed their reply brief (Dkt. #37), in which they complain that plaintiffs are still in violation of the July 2014 Ruling in the following requests: (1) no updated interrogatory responses were received from plaintiffs Myrna Oliveras or Jelisa Oliveras; and (2) the updated interrogatory responses received from plaintiff Jose Oliveras are "not accurate" – in a December 23, 2011 report from Doctors United, "apparently the first report from this provider after the December 11, 2011 subsequent fall," reference is made to x-rays taken by a chiropractor, Dr. Ferrar, on December 19, 2011, but Dr. Ferrar "is not listed on the interrogatory responses identifying providers for the subsequent injury." (At 2, <u>citing</u> Dkt. #36, Exh. B, at 36).  Defense counsel appropriately laments that he has been "constantly required" to point out deficiencies in discovery responses and then request additional records from plaintiffs' counsel.  (Dkt. #37, at 2).  Defendants continue to ask that this entire lawsuit be dismissed.

At this juncture, the Court will not impose the harsh remedy of dismissal, but instead imposes the following orders: (1) plaintiffs Myrna Oliveras and Jelisa Oliveras shall file updated interrogatory responses **on or before September 15, 2014;** (2) defense counsel shall notify plaintiffs' counsel as to any additional deficiencies he notices in plaintiff Jose Oliveras' compliance to date, and plaintiff Jose Oliveras shall provide **corrected, complete and accurate** responses **on or before September 19, 2014**; (3) if plaintiffs fail to comply with these deadlines, defendants are, of course, free to file a motion for appropriate sanctions; and (4) defendants may file a Motion for Attorney's Fees with respect to filing its Motion to Compel and briefs (Dkts. ##31 & 33), and this Motion to Dismiss and briefs (Dkts. ##35 & 37).

Dated at New Haven, Connecticut, this 22nd day of August, 2014.


　　　　　　　　　　　　　　 /s/ Joan G. Margolis, USMJ
　　　　　　　　　　　　　　Joan Glazer Margolis
　　　　　　　　　　　　　　United States Magistrate Judge