IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JOSE OLIVERAS ET AL.                    :          3:12 CV 858 (JGM)
                                        :
V.                                      :
                                        :
JASON CASTILDI ET AL.                   :          DATE: SEPTEMBER 22, 2014
---------------------------------------------------------X

RULING ON DEFENDANTS' MOTION FOR COSTS

On June 11, 2012, plaintiffs commenced this diversity action against defendants, arising from a multi-vehicle collision on I-95 North in Darien, Connecticut, on June 19, 2010 (Dkt. #1); an Amended Complaint was filed on February 28, 2013. (Dkt. #19). On January 28, 2014, the parties consented to trial before this Magistrate Judge. (Dkt. #25). Under the present scheduling order established in this Magistrate Judge's Ruling on Defendants' Motion to Compel, filed July 1, 2014 (Dkt. #34)["July 2014 Ruling"], all fact discovery is to be completed by September 30, 2014, all expert discovery is to be completed by November 14, 2014, and all dispositive motions are to be filed by December 12, 2014. (At 4).

The July 2014 Ruling concerned inadequate discovery responses by plaintiffs, and in particular with respect to a serious accident by plaintiff José Oliveras at his employment on December 13, 2011, resulting in neck and back injuries (at issue in this lawsuit), for which he has been found to be temporarily totally disabled. (At 1-2). The July 2014 Ruling held that "[u]nder these circumstances, defendants [were] more than entitled to the remedies that they [sought]," namely that (1) on or before July 18, 2014, plaintiffs were to produce updated and accurate written responses to the interrogatories, and plaintiffs' counsel would certify that he had met with his clients, reviewed their answers and ensured that his clients understood the requests, and had his clients notarize that the responses were complete and

true; (2) on or before July 31, 2014, plaintiffs were to provide all medical records not yet received concerning the subject accident, and such compliance to be made by providing the records, not through the provision of releases; and (3) on or before August 29, 2014, plaintiff José Oliveras was to provide all medical records from his slip and fall injury sustained subsequent to the subject accident, again with such compliance to be made by providing the records, not through the provision of releases.  (At 3-4). The July 2014 Ruling continued that "[i]f plaintiffs fail to comply with these deadlines, defendants are, of course, free to file a motion for appropriate sanctions."  (At 4)(footnote omitted).

On July 25, 2014, defendants filed their Motion to Dismiss (Dkt. #35), on the grounds that plaintiffs failed to produce the updated and accurate written responses to the interrogatories, and plaintiffs' counsel failed to provide the certification by July 18, 2014, as required by the July 2014 Ruling.  On August 22, 2014, this Magistrate Judge filed her Ruling on Defendants' Motion to Dismiss (Dkt. #38)["August 2014 Ruling"], in which she denied defendants' request for "the harsh remedy of dismissal," but instead imposed the following orders: (1) plaintiffs Myrna Oliveras and Jelisa Oliveras were to file updated interrogatory responses on or before September 15, 2014; (2) defense counsel was to notify plaintiffs' counsel as to any additional deficiencies he notices in plaintiff José Oliveras' compliance to date, and plaintiff José Oliveras was to provide corrected, complete and accurate responses on or before September 19, 2014; (3) if plaintiffs failed to comply with these deadlines, defendants were free to file a motion for appropriate sanctions; and (4) defendants were permitted to file a Motion for Attorney's Fees with respect to filing their Motion to Compel and briefs, and their Motion to Dismiss and briefs.   (At 4).

Five days later, defendants filed the pending Motion for Costs (Dkt. #39),[1] in which defendants seek 7.0 hours for the two prior motions and 1.5 hours for the pending motion, at $140/hour, for a total of $1,190. (At 2; see Affidavit). In their brief in opposition, filed September 17, 2014 (Dkt. #40), plaintiffs represent that consistent with the August 2014 Ruling, (1) plaintiffs Myrna Oliveras and Jelisa Oliveras served updated interrogatory responses on September 12, 2014; (2) plaintiff José Oliveras served corrected, complete and accurate responses on September 12, 2014; (3) defense counsel has not notified plaintiffs' counsel as to any additional deficiencies he notices in plaintiff José Oliveras' compliance to date, and (4) plaintiffs have served more than one hundred pages of updated medical records. (At 2-3). Plaintiffs therefore argue that no costs should be awarded and that 8.5 hours is excessive. (At 3). In their reply brief, filed the next day (Dkt. #41), defendants argue that the updated responses for plaintiffs Jesila Oliveras and Myrna Oliveras are still deficient, in that no medical records were provided with the updated responses, that defendants intend to file a Renewed Motion to Dismiss, and that defendants now seek an additional two hours in attorney's fees, raising the hours sought to 10.5 hours, totaling $1,470. (At 2-3).

It goes without saying that defendants are entitled to their costs, as the August 2014 Ruling already has held. The hours in defense counsel's time sheets for the period May 21, 2014 through August 25, 2014 are more than reasonable, unrelated items already were omitted, and the hourly fee sought is extremely reasonable as well. However, the two extra hours sought since plaintiffs' brief in opposition was filed on September 17, 2014 appear excessive, and no reimbursement will be ordered. Therefore, defendants' Motion for Costs

---

[1] Attached is an affidavit from defense counsel, sworn to that day and a copy of his time sheets from May 21, 2014 through August 25, 2014.

(Dkt. #39) is <u>granted in the amount of $1,190</u>.  In addition, plaintiffs Jesila Oliveras and Myrna Oliveras shall provide copies of **all** updated medical records **<u>on or before October 6, 2014</u>**.  Again, defendants are free to file a Renewed Motion to Dismiss if such records are not forthcoming by October 6, 2014 and may file a supplemental Motion for Costs.

Dated at New Haven, Connecticut, this 22nd day of September, 2014.

       /s/ Joan G. Margolis, USMJ
      Joan Glazer Margolis
      United States Magistrate Judge